IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
SEP 7 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

VICTORIA PICKETT,

Plaintiff,

v.   CIVIL ACTION NO. 2:11cv251

MICHAEL J. ASTRUE,
Commissioner of Social Security

Defendant.

### *MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED** and the decision of the Administrative Law Judge is **REVERSED** and **REMANDED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On March 28, 2008, Victoria Pickett ("Plaintiff"), filed an application for disability insurance benefits ("DIB"). In her application, Plaintiff alleged that she has been disabled since June 16, 2006 due to nerve damage, diabetes, numbness in both legs, high blood pressure, and high cholesterol.[1] The Commissioner of Social Security ("Commissioner" or "Defendant") initially denied her application on June 13, 2008 and upon reconsideration, denied her application again on December 12, 2008.

Plaintiff's requested hearing before an Administrative Law Judge ("ALJ") took place on January 5, 2010. On January 11, 2010, the ALJ issued a decision denying Plaintiff's claim for

---

[1] Plaintiff later amended her alleged disability onset date to September 15, 2006.

DIB, finding that she was not disabled under the Social Security Act. On March 8, 2011, the Appeals Council denied Plaintiff's request to review the ALJ's decision.

On May 6, 2011, Plaintiff brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking this Court's review of the Commissioner's decision. The parties filed cross Motions for Summary Judgment on August 12, 2011 and September 13, 2011 respectively. On July 12, 2011, this Court entered an order referring this action to United States Magistrate Judge Tommy E. Miller ("Magistrate Judge") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter.[1] On March 26, 2012, Magistrate Judge Miller filed his Report and Recommendation ("R&R"), in which he recommended that the decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further administrative proceedings. On April 12, 2012, Defendant filed objections to the R&R. On April 25, 2012, Plaintiff filed a Response to Defendant's Objections. This matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination ... by a district judge...."). Under de novo review, the Magistrate Judge's report and recommendation carries no presumptive weight, and the district court may accept, reject or

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . ."

2

modify the report, in whole or in part, and may recommit the matter to the magistrate judge with instructions. *Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."). When conducting this "de novo determination," a district court judge must give "fresh consideration" to the relevant portions of the Magistrate Judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III. DISCUSSION

Defendant objects to the Magistrate Judge's finding that the ALJ failed to adequately consider Plaintiff's borderline age in evaluating her eligibility for DIB. Specifically, Defendant argues that the ALJ did in fact appropriately consider Plaintiff's age. Defendant also insists that the decision should be affirmed because the ALJ is not required to explicitly explain why he used

3

Plaintiff's chronological age instead of the next higher age category. This Court has carefully and independently reviewed the record in this case and the Defendant's objections to the Report. Having done so, the Court finds that there are no meritorious reasons to sustain the Defendant's objections.

To determine whether the claimant suffers from a disability, the ALJ must conduct a five-step inquiry: whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to her past work, and (5) if not, whether she can perform other work. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993) (citing 20 C.F.R. §416.920). Through the fourth step, the burden of production and proof is on the claimant. *Hunter v. Sullivan*, 993 F.2d at 35 (citing *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir.1983)). If the claimant reaches step five, the burden shifts to the Defendant to produce evidence the national economy contains other jobs that the claimant can perform considering her age, education, and work experience. *Id* at 35; 20 C.F.R. §404.1520(a)(4)(v). The Commissioner can meet this burden by reference to the Medical-Vocational Guidelines ("the Grids"). 20 C.F.R. Pt. 404, Subpt. P, App. 2. The Grids break age into four categories: (1) close to retirement age (60-64); (2) advanced age (55-59); (3) approaching advanced age (50-54); and (4) younger individual (18-49). The ALJ must not apply the age categories mechanically in a situation where the claimant is on the borderline of a higher age category. *Gory v. Schweiker*, 712 F.2d. 929, 930-931 (4th Cir. 1983) (citing 20 C.F.R. §404.1563(a)). Where a borderline age situation exists, the ALJ must decide whether it is more appropriate to use the higher category or the claimant's chronological age. *Brown v. Astrue*, 2009 WL 890116, No. 3:07-2914-SB, at *12 (D.S.C. Mar. 30, 2009) (citing HALLEX II-5-3-2).

Here, the Plaintiff was three months and twenty four days from her fiftieth birthday on her date last insured, making her a clear borderline age case. *See* HALLEX II-5-3-2 (mandating that adjudicators "must decide whether it is more appropriate to use the higher age or the claimant's chronological age [where]…the claimant is within a few days or a few months of a higher age category…[and] using the higher age category would result in a finding of 'disabled'…."). Plaintiff has no more than a high school education, is precluded from her past work, and is now capable of no more than sedentary work, thus, according to the Grids, she would have been deemed "disabled" if she had been evaluated in the 50-54 age category. *See* 20 C.F.R. Pt.404, Subpt. P, App.2.

The record contains insufficient evidence to support a finding that the ALJ appropriately considered Plaintiff's age in accordance with the Grids. Defendant argues that the ALJ's notation of Plaintiff's date of birth (January 23,1959), chronological age (49) and age category (45-49), along with his general awareness that Plaintiff was a "person closely approaching advanced age," qualifies as sufficient "consideration" of Plaintiff's borderline age situation. However, as Magistrate Judge Miller points out in his R&R, the ALJ only generally refers to the Grids, without explaining *why* he chose to apply Plaintiff's chronological age. A non-mechanical application of the Grids requires additional analysis. *See France v. Apfel*, 87 F.Supp.2d 484, 492 (D.Md. 2000) (ordering remand where the ALJ addressed neither the effect of the claimant's age on her placement in Grid, nor the fact that claimant was very close to the borderline age); *Anderson v. Astrue*, 2011 U.S. Dist. LEXIS 62862, at *25 (N.D. Ill. June 13, 2011) (finding insufficient borderline age analysis where the ALJ merely noted plaintiff's age, date of birth, and age category); *Phillips v. Astrue*, 671 F.3d 699, 707 (8th Cir. 2012) ("Simply

noting [Plaintiff's] age and her current age category fails to answer the precise question at hand—whether her borderline situation warranted moving her to the next category.").

Defendant also argues that the ALJ's reliance upon the testimony of the vocational expert is sufficient to show that he did not apply the age categories mechanically. The testimony of a vocational expert does not absolve the ALJ of his obligation to perform the proper analysis. *Anderson v. Astrue*, 2011 U.S. Dist. LEXIS 62862, at *41-42 (N.D. Ill. Jun. 13, 2011) ("The mere fact that the ALJ consulted a vocational expert...does not automatically prove that the ALJ did not apply the Grid mechanically regarding Plaintiff's age category."). The ALJ must provide some actual analysis explaining his decision to apply the claimant's chronological age instead of the higher age category. *See id.* at 41-42 ("[The ALJ must provide] some explanation, however brief, of the conclusion he reached...."). Where this analysis is absent, this Court is unable to find that substantial evidence supports the ALJ's disability determination. *Brown v. Astrue*, 2009 WL 890116, at *12 (D.S.C. Mar.30, 2009).

As Defendant notes in his objection, the Circuit Courts are split on whether an ALJ must explicitly acknowledge the borderline age issue and conduct a clear analysis. The Eighth, Tenth, and Third Circuits have found that the ALJ must explicitly explain his age category determination in order to satisfy the non-mechanical age analysis required by 20 C.F.R. § 404.1563. *See Phillips v. Astrue*, 671 F.3d 699, 707 (8th Cir. 2012) ("...[F]ailure to note that the ALJ has considered whether a claimant falls within a borderline category...constitutes a failure to offer findings of fact and reasons for the decision."); *Lucas v. Barnhart*, 184 F. App'x 204, 208 (3d. Cir 2006) (finding that the ALJ's decision was not supported by substantial evidence due to lack of factual findings relevant to the borderline age analysis); *Daniels v. Apfel*, 154 F.3d

1129, 1136 (10th Cir. 1998). However, the Sixth, Ninth, and Eleventh Circuits have rejected this requirement. *See Lockwood v. Commissioner of Social Security Administration*, 616 F.3d 1068, 1071-1072 (9th Cir. 2010); *Bowie v. Commissioner of Social Security*, 539 F.3d 395, 399 (6th Cir. 2008); *Miller v. Commissioner of Social Security*, 241 F. App'x 631, 635 (11th Cir. 2006).

The Fourth Circuit Court of Appeals ("Fourth Circuit") has yet to provide guidance on this issue. However, several courts within the Fourth Circuit, evaluating similar factual situations, have found that this borderline age analysis must be explicit. *See Brown v. Astrue*, 2009 WL 890116 at *12 (remanding for further development where the district court was unable to determine how or why the ALJ decided to apply the plaintiff's chronological age); *France v. Apfel*, 87 F.Supp.2d 484, 491-491 (D.Md. 2000)(granting plaintiff's motion for summary judgment where the ALJ erred by mechanically applying the age category); *Ford v. Heckler*, 572 F. Supp. 992, 994 (E.D.N.C 1983) (remanding the case where the ALJ failed to consider that the claimant was three months shy of the next age group on the Grid). The greater weight of authority leads to the conclusion that the ALJ's failure to explicitly address the borderline age issue provides insufficient basis for review. Thus, the Magistrate Judge's recommendation to remand the matter to the ALJ is adopted and affirmed.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Defendant's objections. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed March 26,

2012. The Plaintiff's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Defendant's Motion for Summary Judgment is **DENIED**. The Final Decision of the Commissioner is **REVERSED** and **REMANDED** for further review consistent with this Memorandum Opinion.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
September 7, 2012